Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HELENA HUMBER,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **NELSON & KENNARD,** | ) **COLLECTION PRACTICES ACT** |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Helena Humber ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Nelson & Kennard, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about January 20, 2011, Defendant began calling Plaintiff.

7. Defendant has failed to identify itself as a debt collector in its calls to Plaintiff. Defendant has also failed to advise Plaintiff that its calls to Plaintiff are an attempt to collect an alleged debt from her.

8. Defendant has identified itself as a law office in its calls to Plaintiff, implying that legal action may be taken against Plaintiff.

9. Defendant has failed to respond to Plaintiff's January 27, 2011, request for proof of the alleged debt it is attempting to collect from Plaintiff. Defendant has also failed to respond to Plaintiff's February 10, 2011, follow-up letter.

10. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

   b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

   c) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

    d) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal Civ Code §1788.10(f));

    e) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));

    f) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11)); and

    g) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

11. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Statutory damages;

D.  Costs and reasonable attorney's fees; and,

E.  For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

15. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.  Actual damages;

C.  Statutory damages for willful and negligent violations;

D.     Costs and reasonable attorney's fees,

E.     For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 30th day of April, 2011.

                            By:    <u>s/Todd M. Friedman</u>
                                     Todd M. Friedman (216752)
                                     Law Offices of Todd M. Friedman, P.C.
                                     369 S. Doheny Dr. #415
                                     Beverly Hills, CA 90211
                                     Phone: 877-206-4741
                                     Fax: 866-633-0228
                                     tfriedman@attorneysforconsumers.com
                                     Attorney for Plaintiff