IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELENA HUMBER, | 2:11-cv-01160-GEB-CKD |
| Plaintiff, | |
| v. | ORDER RE: SETTLEMENT AND DISPOSITION |
| NELSON & KENNARD, | |
| Defendant. | |

Plaintiff filed a "Notice of Settlement" on August 17, 2011, in which she states, "this case has been settled[ and she] requests that this . . . Court allow sixty (60) days with which to file dispositive documentation." (ECF No. 12.)

Therefore, a dispositional document shall be filed no later than October 17, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for hearing on October 17, 2011, is continued to commence at 9:00 a.m. on November 28, 2011, in the event no dispositional document is filed, or if this action

is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the Status Conference.

Plaintiff also states in its "Notice of Settlement": "This Court shall retain jurisdiction over this matter until fully resolved." (ECF No. 12.) "[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Intern., Inc., 96 F.3d 1265, 1269 (9th Cir. 1996). "A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent." Collins v. Thompson, 8 F.3d 657, 859 (9th Cir. 1993). Therefore, this portion of the "Notice of Settlement" is disregarded.

IT IS SO ORDERED.

Dated:  August 24, 2011

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2